# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-60487
Summary Calendar

Lyle W. Cayce
Clerk

JING NI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 294 692

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jing Ni, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing an appeal from the immigration judge's (IJ) order of removal. She maintains she was entitled to a grant of asylum based on a well-founded fear of persecution on account of political opinion. Ni waives, by failure to brief, any challenge to the BIA's determination that she failed to carry her burden of proof relative to her claims for asylum based on past persecution, withholding of removal, and relief under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Convention Against Torture. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Our court reviews the decision of the BIA and will consider the IJ's underlying decision only if it influenced the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Fact findings, including the finding that an alien is not eligible for asylum, are reviewed for substantial evidence. *Thuri v. Ashcroft*, 380 F.3d 788, 791 (5th Cir. 2004). A fact finding will not be reversed unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

The Attorney General may grant asylum to refugees, *see* 8 U.S.C. § 1158(a); a refugee is a person who is outside of her country and is unable or unwilling to return "'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)). Absent evidence of past persecution, as is the case here, an alien must establish a well-founded fear of persecution by showing a subjective fear of persecution, which is also objectively reasonable. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).

Persecution is "'infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments.'" *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (citation omitted). "[T]here must be some particularized connection between the feared persecution and the alien's race, religion, nationality, [membership in a particular social group, or political opinion]." *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). The alien must provide "specific, detailed facts showing a good reason to fear that . . . she will be *singled out* for persecution." *Id.* (internal quotation marks and citation omitted). The question whether an alien has demonstrated the requisite nexus between persecution and a protected ground is one of fact

reviewed for substantial evidence. *Thuri*, 380 F.3d at 791; *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350-51 (5th Cir. 2002). Additionally, punishment for a criminal act cannot be considered persecution unless the punishment is "excessive or arbitrary" and is motivated by a statutorily protected ground. *Abdel-Masieh*, 73 F.3d 579 at 584.

Here, the IJ determined–and the BIA agreed–that, inter alia, Ni was fleeing prosecution, not persecution, and further that she had not established the requisite nexus between any future persecution and a political opinion. In challenging the denial of her asylum application, Ni argues that the BIA failed to apply the correct legal standard in assessing her claim of persecution based upon an imputed political opinion; the BIA erred by failing to find that she had a well-founded fear of future persecution based upon her likely incarceration for up to 10 years in the Chinese prison system; and the BIA's determination that her claim involved legitimate prosecution, not persecution, is contrary to the law.

As an initial matter, Ni never presented to the BIA her present argument that the IJ and the BIA failed to apply the correct legal standard in evaluating her claim for asylum. She therefore failed to exhaust her administrative remedies as to that issue. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Ni has not shown that the record compels a conclusion that any threat of criminal prosecution is motivated by a political opinion (imputed or not) concerning (1) her having filed, on behalf of her employer, a complaint of bribery against a bank manager or (2) her having made a statement about the Communist Party of China in a city government building. Rather, the evidence establishes that when Ni confronted a government official regarding the bribery complaint, she admittedly was a "little out of control," struggled with the security officers who were attempting to remove her from the building, and was loud and yelling and screaming. Although other co-workers and board members were involved with the complaint against the bank manager, there was no

evidence of any charges or other retribution against anyone else at the company. Further, there was no evidence of formal charges having been filed against Ni. Because the BIA's determination that Ni has not established that she has a well-founded fear of future persecution is supported by substantial evidence, we will not disturb it. *See Thuri*, 380 F.3d at 791.

Ni also challenges for the first time the BIA's determination that she failed to produce corroborative evidence that was reasonably available to her. Because this issue was not previously presented to the BIA, she has not satisfied the exhaustion requirement. *Omari*, 562 F.3d at 321. Even had Ni exhausted the IJ's and the BIA's determination that she failed to present reasonably available corroborative evidence, such a contention would be without merit because the record supports that finding. *See Yang v. Holder*, 664 F.3d 580, 585-587 (5th Cir. 2011), *petition for cert. filed* (U.S. Mar. 12, 2012)(No. 11-1119). There is nothing in the record to indicate that the objective evidence suggested by the IJ and the BIA, including copies of the complaint letter filed against the bank manager and any formal criminal charges against Ni, was not reasonably available to her or her family members, friends, and former co-workers living in China.

The petition for review is DENIED.