# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

Lyle W. Cayce
Clerk

No. 11-60620
Summary Calendar

MINHONG LIU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 293 434

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Minhong Liu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ's) order of removal. Liu sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Liu argues that he was entitled to asylum based on a well-founded fear of persecution on account of political opinion. Liu does not challenge the BIA's determination that he failed to demonstrate that he was entitled to asylum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on past persecution or that he was entitled to either withholding of removal or relief under the CAT. Thus, Liu waives, by his failure to brief, any challenge to those determinations. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Although the BIA agreed with the IJ's determinations that Liu had failed to establish past persecution or to establish a well-founded fear of persecution, the BIA issued its own opinion and reasoning. Thus, we confine our review to the decision of the BIA.

We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, reversal is improper unless we decide "'not only that the evidence supports a contrary conclusion, but also that the evidence compels it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted); 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Liu asserts that the BIA failed to follow the correct legal standard in assessing whether he had demonstrated that he had a well-founded fear of persecution by failing to evaluate his claims based on the doctrine of imputed political opinion set forth in *Bu v. Gonzales*, 490 F.3d 424, 429-30 (6th Cir. 2007), and that the BIA "completely ignored the imputed opinion analysis." Liu has not exhausted this claim. Although he cited *Bu* in his brief to the BIA, he did not cite it for the proposition that he raises in his petition for review. *See* U.S.C. § 1252 (d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Nevertheless, substantial evidence supports the BIA's determination that Liu failed to show a well-founded fear of persecution on account of his political opinion (imputed or not) if he returns to

2

China.  Although not binding precedent, this court has, in an unpublished but persuasive opinion, denied a petition for review of the BIA's dismissal of an appeal from an IJ's order of removal under similar circumstances.  *See Ni v. Holder*, No. 11-60487, 2012 WL 2369318, at \*2 (5th Cir. June 22, 2012) (per curiam) (unpublished).[1]

The Secretary of Homeland Security or the Attorney General may grant asylum to aliens who qualify as refugees.  8 U.S.C. § 1158(b)(1); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).  A refugee is a person who is outside of his country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  "Persecution" means "infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments."  *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (internal quotation marks and citation omitted).

Absent evidence of past persecution, Liu must establish a well-founded fear of future persecution by showing a subjective fear of persecution, which is also objectively reasonable.  *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).  Liu must also demonstrate that the persecutors knew of his political opinion and will likely persecute him because of it.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002).  Prosecution for violating the laws of a country generally does not constitute persecution, unless the punishment was motivated

---

[1] In this prior case, the petitioner alleged that the BIA failed to apply the correct legal standard in assessing her claim of persecution on account of her imputed political opinion. *Ni,* 2012 WL 2369318, at \*2.  This court recognized that the petitioner had failed to exhaust her administrative remedies as to that issue because she raised it for the first time on appeal. *Id.* Nevertheless, this court held that denial of her petition for review was proper because the record supported the BIA's determination that she had failed to show a well-founded fear of future persecution on the basis of her political opinion (imputed or not). *Id.*

by one of the protected grounds and the punishment is excessive or arbitrary. *See Abdel-Masieh*, 73 F.3d at 584.

The record reflects that Liu's troubles in China stemmed from the failure of local government officials to honor a contract for landscaping services provided by Liu's company. Liu testified that he was paid only a portion of the agreed-upon price for his services. He attempted to collect the balance, but his efforts were unavailing. After refusing to leave a government office, where he went to seek assistance in collecting the balance owed to him under the contract, Liu was escorted out of the building, and he, along with several of his employees, unfurled a banner containing the message, "[T]he government is cheating me out of my sweat money." Liu was arrested for disturbing the peace and for being "against the government." Liu fears that if he returns to China he will be prosecuted and imprisoned on account of his political opinion.

The BIA concluded that Liu did not sufficiently demonstrate "that he would be prosecuted as a pretext for punishing political opinion," and the evidence does not compel a contrary conclusion. The evidence does not compel a conclusion that Liu's demand for payment owed under a contract or his claim that "the government [was] cheating [him] out of [his] sweat money" was an expression of a political opinion, nor does the evidence compel the conclusion that any incarceration would be on account of a political opinion. Indeed, there is no evidence in the record that any prosecuting authority has ever formally charged Liu with a criminal offense, nor is there evidence that any person who participated with Liu in his "protests" for payment or who continued to demand payment even after Liu left China has been charged, prosecuted, or persecuted for their efforts.

Because the BIA's determination that Liu has not established that he has a well-founded fear of future persecution is supported by substantial evidence, we will not disturb it. *See* § 1252(b)(4)(B); *Chen*, 470 F.3d at 1134.

The petition for review is DENIED.